## WORDEN v. KENNY.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 128.

APPEAL AND ERROR ⟨Key⟩1004(1)—REVIEW—VERDICT—EVIDENCE.

In an action, where plaintiff claimed to be a partner of defendant in the construction of a building, and entitled to one-half the amounts received by defendant less certain deductions, while defendant claimed that he had merely employed plaintiff at a fixed salary and thereafter discharged him, a verdict for plaintiff for much less than half the amount received by defendant, rendered after the jury had inquired whether they could bring in a verdict for plaintiff on any other basis than an equal partnership, which was answered in the negative, will not be set aside, as

---

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not based on the account of either party, and therefore rendered through sympathy only, where there was evidence as to the deductions to be made from the gross amount received by defendant sufficient to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3944; Dec. Dig. ☞1004(1).]

In Error to the District Court of the United States for the Southern District of New York.

Action by John M. Kenny against Edward C. Worden. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry Escher, Jr., of Brooklyn, N. Y., for plaintiff in error.
Charles Oakes, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is a writ of error taken by the defendant to a judgment entered on the verdict of a jury in favor of the plaintiff.

The complaint contained two causes of action: First, that the defendant agreed to associate the plaintiff with him as a partner in the profits of a contract which the defendant had to supervise the construction of a powder plant for the Western Cartridge Company, the terms being that out of $1,000 payable by the company monthly to the defendant $500 were to be set aside for expenses and $500 divided between the plaintiff and the defendant: Five per cent. on the cost of construction, which the defendant was to receive from the Cartridge Company was to be divided between the plaintiff and the defendant after 1 per cent. had been deducted payable to one Deveen, and not over $500 payable to one Moos; that the defendant having accounted to the plaintiff for $250 for the first month refused to recognize him further in the transaction. Second, for $356.25 expended by the plaintiff in the employment of assistants and the purchase of supplies.

As to the first cause of action the defendant denied any contract for a joint adventure, alleging that he had employed plaintiff at a salary of $250 a month; that he paid him the first month and discharged him at the end of it because his services were unsatisfactory. The defendant admitted the second cause of action to the extent of $110.75. The defendant completed the contract with the Cartridge Company in five months and received $7,500; that is, 5 per cent. on the cost of construction, $150,000.

It is quite plain that the jury thoroughly appreciated the nature of the dispute between the parties as to the first cause of action because after having retired they sent the following communication to the court:

"The jury desires further instructions as to whether on the first cause of action the jury is permitted to bring in a verdict for the plaintiff on a basis other than an equal partnership?"

To which the court replied:

"After allowing the proper deductions, the jury could bring in a verdict for the plaintiff only on a basis of an equal partnership, so far as the first cause of action is concerned."

The jury found a verdict in favor of the plaintiff for the sum of $1,250 on the first cause of action and for $110.75 on the second cause of action.

The defendant contends that it is impossible to reconcile the verdict on the first cause of action with the account of either party, that is to say, with the employment of the plaintiff at $250 a month, or with participation by him in the defendant's contract with the Cartridge Company, and therefore it must have rested upon sympathy merely, and should be reversed. This is so, if true. Obviously the jury did not adopt the defendant's testimony that the contract with the plaintiff was one of employment only, because if they had done so they could not have rendered any verdict on the first cause of action in favor of the plaintiff. We are therefore compelled 'to assume that they found that the parties did enter into a joint adventure, as the plaintiff testified. How much his share would be would depend on the deductions to be made. from the gross profits. There was testimony to support the verdict, and we are not concerned with the exact method the jury pursued, and have no right to pass upon the weight of evidence.

The judgment is affirmed.